**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AARON BERRY, individually and on behalf of those similarly situated, | ) ) ) | Case No. 1:26-cv-04629 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| UNIVERSITY OF ILLINOIS HOSPITAL & HEALTH SCIENCES SYSTEM, AND EPIC SYSTEMS CORPORATION, | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT EPIC SYSTEMS CORPORATION'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT Defendant Epic Systems Corporation ("Epic" or "Defendant"), by its undersigned attorneys, and pursuant to 28 U.S.C. §§ 1332(d)(2), 1441(a), and 1446, and under the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in pertinent part at 28 U.S.C. §§ 1332(d), 1446, and 1453) ("CAFA"), hereby removes this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. "[A] copy of all process, pleadings, and orders served upon" Epic in the Cook County, Illinois action is filed as exhibits herewith. *See* 28 U.S.C. § 1446(a). In support of this Notice of Removal, Epic states as follows:

**BACKGROUND AND PROCEDURAL HISTORY**

1. On March 4, 2026, Plaintiff Aaron Berry, individually and on behalf of all others similarly situated, filed a putative class action complaint (the "State Court Action" or the "Action") in the Circuit Court of Cook County, Chancery Division, captioned *Aaron Berry, individually and on behalf of those similarly situated v. University of Illinois Hospital & Health Sciences System,*

*and Epic Systems Corporation*, Case No. 2026CH02082. A copy of that Complaint is attached hereto as **Exhibit A**.

2.      In the Complaint, Plaintiff asserts individual and putative class claims for: (1) gross negligence and negligence *per se*; (2) breach of implied contract; (3) breach of bailment; (4) unjust enrichment; and (5) invasion of privacy. (Ex. A, Compl., at ¶¶ 155–241.)

3.      Plaintiff defines the putative class as a nationwide class, consisting of "[a]ll individuals residing in the United States whose Private Information was compromised in the Data Breach" (the "Class"). (*Id.* at ¶ 148.)

4.      Plaintiff alleges that the putative class potentially involves "thousands to tens of thousands of individuals' detailed personal information[.]" (*Id.* at ¶ 129.)

5.      The Complaint states that, as a result of the alleged conduct described therein, Plaintiff and the Class "sustained injuries and damages, including: (i) invasion of privacy; (ii) theft of their Private Information; (iii) lost or diminished value of Private Information; (iv) lost time and opportunity costs associated with attempting to mitigate the consequences of the Data Breach; (v) loss of benefit of the bargain; (vi) lost opportunity costs associated with attempting to mitigate the consequences of the Data Breach; (vii) nominal damages; and (viii) the continued and certainly increased risk to their Private Information[.]" (*Id.* at ¶ 103.)

6.      Among the relief Plaintiff seeks is "an award of damages, including actual, nominal, and consequential damages, as allowed by law in an amount to be determined." (*Id.* at Prayer for Relief, ¶ D.) Such alleged damages are further described as: "including restitution and unjust enrichment" (*id.* at ¶ 174); resulting in part from Plaintiff and the Class "fac[ing] years of substantially increased risk of misuse of their sensitive personal and health information" (*id.* at ¶ 196); and disgorgement of "all gains unjustly received" (*id.* at ¶ 220).

7.     Plaintiff also seeks an award of attorneys' fees and costs and an award of prejudgment interest on any damages awarded. (*Id.* at Prayer for Relief, ¶¶ E–F.)

8.     Additionally, Plaintiff seeks declaratory relief, requesting an order "certifying a Class" and "appointing Plaintiff and his Counsel to represent the Class." (*Id.* at Prayer for Relief, ¶ A.)

9.     On March 24, 2026, Epic executed and returned to Plaintiff's counsel a Notice and Acknowledgement of Receipt of Summons and Complaint (the "Waiver of Service"), attached hereto as **Exhibit B**. The Waiver of Service was also dated March 24, 2026. (Ex. B at 1.)

10.     Epic has not served an answer or otherwise responded to the Complaint in the State Court Action.

11.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all other pleadings, orders, papers, register of actions, or exhibits now on file in the State Court Action (to the extent not already included in Exhibits A or B), are collectively attached as **Exhibit C**. Other than Exhibit C, Epic is not aware of any other "processes, pleadings, and orders" in the State Court Action. *See* 28 U.S.C. § 1446(a).

## **GROUNDS FOR REMOVAL**

12.     "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under CAFA, a class action may be removed to federal court "by *any defendant* without the consent of all defendants." 28 U.S.C. § 1453(b); *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 353 (7th Cir. 2017) ("even a single defendant is entitled to remove" an action).

13. CAFA vests federal district courts with "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000," where the putative class numbers 100 or more members, and where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(1)–(2), (5)–(6).

14. As detailed below, because this Action satisfies each of these requirements, it is removable under CAFA.

### A. This Is A Covered Class Action.

15. This Action meets CAFA's definition of a class action: "any civil action filed under rule 23 of the Federal Rules of Civil Procedure *or similar State statute or rule* of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B) (emphasis added); *see also* 28 U.S.C. § 1453(a). The Action is brought by "Aaron Berry, individually and on behalf of those similarly situated" (*see generally*, Ex. A) (emphasis added), and the Complaint alleges that the Action "satisfies the numerosity, commonality, typicality, and adequacy requirements under 735 ILCS § 5/2-801(1)–(4)" (*id.* at ¶ 152).

16. The Seventh Circuit has held that 735 ILCS 5/2-801 is "the state equivalent" of Rule 23 of the Federal Rules of Civil Procedure. *LG Display Co. v. Madigan*, 665 F.3d 768, 771 (7th Cir. 2011). Plaintiff has therefore brought a putative "class action" within the meaning of CAFA.

### B. The Putative Class Contains At Least 100 Members.

17. According to the Complaint, "Plaintiff believes the proposed Class includes thousands of individuals[.]" (Ex. A at ¶ 152.) It further alleges that the "volume of data on Defendants' network" underlying Plaintiff's claims implicates "thousands to *tens of thousands* of individuals' detailed personal information." (*Id.* at ¶ 129) (emphasis added.) Plaintiff alleges a

4

nationwide Class, defined as: "[a]ll individuals residing in the United States whose Private Information was compromised in the Data Breach." (*Id.* at ¶ 148.) Thus, this Action easily satisfies the requirement of at least 100 persons in the putative class. *See* 28 U.S.C. § 1332(d)(5)(B).

### C. The Minimal Diversity Requirement Is Satisfied.

18.    CAFA requires only "minimal diversity," meaning that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see also Sabrina Roppo v. Travelers Com. Ins.*, 869 F.3d 568, 578 (7th Cir. 2017).

19.    Corporations are deemed to be citizens of (i) the states where they are incorporated or organized, and (ii) where they have their principal places of business. 28 U.S.C. § 1332(c)(1).

20.    Plaintiff alleges he is a "resident and citizen of Chicago, Illinois." (Ex. A at ¶ 11.)

21.    Epic is a corporation with its principal place of business in Verona, Wisconsin, as stated in the Complaint (*id.* at ¶ 13), and is incorporated in and under the laws of Wisconsin.

22.    Thus, Plaintiff and Epic are citizens of different states, and CAFA's minimal diversity requirement is satisfied.

### D. The Amount In Controversy Exceeds $5,000,000 Exclusive Of Interest And Costs.

23.    Epic denies any liability as to Plaintiff's claims, disputes that Plaintiff has stated any viable claims, and also disputes that Plaintiff and the putative Class members are entitled to any relief. Nevertheless—accepting the allegations contained in the Complaint for removal purposes only—the allegations in the Complaint and the nature of Plaintiff's claims make clear that CAFA's amount in controversy threshold is satisfied.

24.    CAFA requires that the potential monetary claims of the putative class members must be aggregated to determine if the amount in controversy exceeds the minimum "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6). Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of

5

removal may do so." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83 (2014). To establish the amount in controversy sufficient to remove a class action case to federal court, a defendant need not submit proof to establish the amount in dispute, and instead "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" of $5,000,000. *Id.* A defendant's estimate is deemed controlling unless it is a "legally impossible" outcome. *ABM Sec. Servs., Inc. v. Davis*, 646 F.3d 475, 478 (7th Cir. 2011).

25. The allegations in the Complaint demonstrate that Plaintiff has placed over $5,000,000 in controversy in this Action. The Complaint includes a laundry list of monetary damages, including "actual, nominal, and consequential damages, as allowed by law in an amount to be determined" (Ex. A at Prayer for Relief, ¶ D), which also encompass "restitution and unjust enrichment" (*id.* at ¶ 174) in the form of disgorgement of "all gains unjustly received" (*id.* at ¶ 220).

26. Given the nature of these alleged damages, coupled with claims that the putative class includes "thousands to tens of thousands of individuals" (*id.* at ¶ 129), CAFA's amount in controversy threshold of $5,000,000 is satisfied.

27. Plaintiff alleges injury to the Class stemming from "the continued and certainly increased risk to their Private Information." (*Id.* at ¶ 103.) Plaintiff goes on to allege that "[t]he retail cost of credit monitoring and identity theft monitoring can cost around $200 a year per Class Member." (*Id.* at ¶ 134.) Plaintiff also alleges that Plaintiff and the Class would need this coverage for an extended period of time because they allegedly "face years of substantially increased risk of misuse of their sensitive personal and health information." (*Id.* at ¶ 196.) Plaintiff also alleges harm from "lost or diminished value of Private Information" (Ex. A at ¶ 9), and that this personal information can be sold at a price of up to $200 (*id.* at ¶ 82).

6

28. Similarly, the Complaint details the potential for sales of "Fullz" packages containing putative Class members' information, for a price "up to $100 per record (or more)." (*Id.* at ¶ 111 n.30.)

29. According to the Complaint, "[s]ensitive Private Information can sell for as much as $363 per record according to the Infosec Institute." (*Id.* at ¶ 123.)

30. In addition, outcomes in recent class action cases involving "data breach" allegations have resulted in per-Class member liability of well over $100, even where cases were settled rather than tried through jury verdict or other final judgment. For example, such class actions have resulted in per-Class member payments of $164.67,[1] $167.63,[2] and even $528.00.[3]

31. Thus, given the amount of damages alleged and the alleged putative class size including up to tens of thousands of members, CAFA's $5,000,000 aggregate threshold is satisfied. That does not even include consideration of the potential costs for Plaintiff's other requested relief, including for disgorgement of "all gains unjustly received" as part of its Count IV for unjust enrichment. (*Id.* at ¶ 220.)

32. Thus, consistent with the Supreme Court's guidance in *Dart* and the Seventh Circuit's decision in *ABM Security Services*, CAFA's amount in controversy threshold is plausibly satisfied given the allegations regarding the number of putative class members and the potential damages alleged if there is a recovery. *See Dart Cherokee Basin Operating*, 574 U.S. at 83; *ABM Sec. Servs.*, 646 F.3d at 478.

---

[1] *Grogan et al. v. McGrath RentCorp*, No. 3:22-cv-00490-AGT (N.D. Cal.), Dkt. #61, 68 (granting final approval of $1,400,000 settlement for class of 8,502 individuals).

[2] *Krant et al. v. UnitedLex Corp.*, No 2:23-cv-02443 (D. Kan.), Dkt. # 27, 30 (granting final approval of $1,300,000 settlement for class of 7,755 individuals).

[3] *Castaneda v. Ardagh Glass Inc.*, No. 23-cv-2214 (S.D. Ind.), Dkt. # X, X (granting final approval of $2,750,000 for class of approximately 5,300 individuals).

33. In sum, it is highly plausible that the alleged damages, as aggregated for the putative Class, place over $5,000,000 in controversy and it is not "legally impossible" that the $5,000,000 minimum threshold is satisfied. *See ABM Sec. Servs.*, 646 F.3d at 478.

## VENUE

34. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because the Circuit Court of Cook County, Illinois, where Plaintiff initiated the Action, is located within the Northern District of Illinois, Eastern Division.

## PROCEDURAL REQUIREMENTS

35. Removal is timely because Epic filed this Notice of Removal within 30 days of the March 24, 2026, date (a) appearing on the Waiver of Service, and (b) on which Epic executed and returned the Waiver of Service to Plaintiff's counsel. *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (holding that 28 U.S.C. § 1446(b)'s 30-day deadline runs from the date of formal service).

36. Pursuant to 28 U.S.C. § 1446(d), Epic is filing a written Notice of this removal, attached hereto as **Exhibit D**, with the Clerk of the Circuit Court of Cook County, Illinois, which, along with this notice, is being served upon Plaintiff's counsel.

## DEFENDANT EPIC SYSTEMS' NON-WAIVER OF DEFENSES

37. By removing this action from the Circuit Court of Cook County, Illinois, Epic does not waive any defenses available to it.

38. By removing this action from the Circuit Court of Cook County, Illinois, Epic does not admit any of the allegations against it, nor does it admit nor acquiesce to the amount or availability of any alleged damages described herein.

## **CONCLUSION**

39.     Because the parties in this Action are minimally diverse and the amount in controversy plausibly exceeds $5,000,000 exclusive of interest and costs, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d). This Notice of Removal is being served upon Plaintiff's counsel and filed with the Clerk of the Circuit Court of Cook County, Illinois. Accordingly, this Action meets all jurisdictional and procedural requirements under CAFA and is removable to this Court pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, for the foregoing reasons, federal jurisdiction exists under 28 U.S.C. § 1332(d), and removal is appropriate under 28 U.S.C. §§ 1441(a). Accordingly, Defendant Epic Systems Corporation removes the above-captioned Action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated:  April 23, 2026

By: */s/ Michael D. Leffel*

Mason D. Roberts
FOLEY & LARDNER LLP
321 N. Clark Street, Suite 3000
Chicago, IL 60654
mroberts@foley.com

Michael D. Leffel
Eric J. Hatchell (*pro hac vice* application forthcoming)
FOLEY & LARDNER LLP
150 E. Gilman Street, Suite 5000
Madison, WI 53703
mleffel@foley.com
ehatchell@foley.com

*Counsel for Defendant Epic Systems Corporation*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 23, 2026, I caused to be filed the foregoing document with

the Clerk of the Court, and copies of the foregoing were sent by email to counsel for Plaintiff at

the email addresses below:


Colleen Garvey
STRANCH, JENNINGS & GARVEY, PLLC
701 Market Street, Suite 1510
St. Louis, MO 63101
cgarvey@stranchlaw.com

Grayson Wells
Darrius Dixon
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa Parks Ave, Suite 200
Nashville, TN 37203
gwells@stranchlaw.com
ddixon@stranchlaw.com


*/s/ Mason D. Roberts*

Mason D. Roberts