**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AARON BERRY, individually and on behalf of those similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 1:26-cv-04629 ) ) Hon. Mary M. Rowland |
| v. | ) ) |
| UNIVERSITY OF ILLINOIS HOSPITAL & HEALTH SCIENCES SYSTEM, AND EPIC SYSTEMS CORPORATION, | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT EPIC SYSTEMS CORPORATION'S UNOPPOSED MOTION
FOR LEAVE TO FILE MOTION TO DISMISS IN EXCESS OF FIFTEEN PAGES**

Pursuant to Local Rule 7.1, Defendant Epic Systems Corporation ("Epic") respectfully moves the Court for an Order granting it leave to file a motion to dismiss Plaintiff Aaron Berry's Class Action Complaint in excess of 15 pages, up to a maximum of 25 pages. Epic's counsel has conferred with Plaintiff's counsel regarding this Motion, and Plaintiff does not oppose the relief sought. In support of its motion, Epic states the following:

1. On March 4, 2026, Plaintiff, individually and on behalf of all others similarly situated, filed a putative Class Action Complaint in the Circuit Court of Cook County, Chancery Division, captioned *Aaron Berry, individually and on behalf of those similarly situated v. University of Illinois Hospital & Health Sciences System, and Epic Systems Corporation*, Case No. 2026CH02082. (*See* Dkt. #1-1).

2. Plaintiff's Class Action Complaint totals 54 pages, contains 241 numbered paragraphs, and asserts five separate causes of action against Epic: (1) gross negligence and

negligence *per se*; (2) breach of implied contract; (3) breach of bailment; (4) unjust enrichment; and (5) invasion of privacy. (*See id.*).

3.      On April 23, 2026, Epic timely filed a Notice of Removal in this Court (Dkt. #1), removing the case pursuant to the Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat. 4 (codified in pertinent part at 28 U.S.C. §§ 1332(d), 1446, and 1453).

4.      On April 29, 2026, the Court entered an Order (Dkt. #8) granting Epic's Unopposed Motion for Extension of Time (Dkt. #7), and setting a deadline of May 25, 2026, for Epic to respond to the Class Action Complaint. On May 26, 2026, the Court granted Epic's Unopposed Motion for Extension of Time to June 9, 2026. (Dkt. #10.)

5.      Epic intends to file a motion to dismiss the Class Action Complaint.

6.      Local Rule 7.1 provides, in pertinent part: "Neither a motion nor brief in support of or in opposition to any motion… shall exceed 15 pages without prior approval of the court." LR 7.1.

7.      Epic seeks that prior approval here in advance of its June 9, 2026 responsive pleading deadline. To adequately present its arguments for dismissal of the Class Action Complaint, Epic requires additional pages in excess of the 15 pages allowed by Local Rule 7.1.

8.      Specifically, additional pages are necessary to address the multiple legal theories pursued by Plaintiff along with the allegations in the Complaint.

9.      Given the 54-page length of the Complaint, the various issues of law the Complaint raises, and the potential significance of the classwide relief Plaintiff seeks, 25 pages is an appropriate upper limit to impose on Epic's forthcoming motion to dismiss.

10.     Counsel for Epic has conferred with Plaintiff's counsel, who have indicated Plaintiff does not oppose Epic's requested page-limit extension. If the Court grants this Motion,

Epic is amenable to a reciprocal request by Plaintiff to file a response to Epic's motion to dismiss in excess of the 15-page limit.

WHEREFORE, for the foregoing reasons, Epic respectfully requests that the Court grant Epic's Unopposed Motion and enter an Order granting it leave to file a motion to dismiss up to 25 pages in length.

Dated: June 1, 2026

By: */s/ Michael D. Leffel*

Michael D. Leffel
Eric J. Hatchell (*pro hac vice* application forthcoming)
FOLEY & LARDNER LLP
150 E. Gilman Street, Suite 5000
Madison, WI 53703
mleffel@foley.com
ehatchell@foley.com

Mason D. Roberts
FOLEY & LARDNER LLP
321 N. Clark Street, Suite 3000
Chicago, IL 60654
mroberts@foley.com

*Counsel for Defendant Epic Systems Corporation*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 1, 2026, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system for the District Court of the Northern District of Illinois, which will send an electronic copy of the foregoing to counsel of record and constitutes service pursuant to Local Rule 5.9 of the Northern District of Illinois.

*/s/ Mason D. Roberts*
Mason D. Roberts